UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 99-835-CIV-22-A

AUGUSTO L. PEON-RIOS,

       Plaintiff,

v.

AUTONATION USA, CORPORATION
d/b/a Value Stop, and AUTONATION, INC.,
formerly known as Republic Industries, Inc.,

       Defendants.
_____/



## JOINT MOTION FOR LEAVE TO HOLD
## CASE MANAGEMENT CONFERENCE BY TELEPHONE

The parties, through undersigned counsel hereby move this Court for leave to hold their Case Management Conference in this matter telephonically, and state in support:

1.     Local Rule 3.05(c)(2)(B) requires that the parties meet within 60 days after service of the complaint upon any Defendant to prepare a Case Management Report, and to file a Case Management Report within 10 days after that meeting.

2.     By operation of Local Rule 3.05(c)(2)(B), the parties were required to hold a Case Management Conference by October 5, 1999 and to file a Case Management Report by October 15, 1999.

3.     Counsel are unable to meet in person to conduct the Case Management Conference, as required by this Court, due to circumstances related to the location of counsel, the time remaining to hold a Case Management Conference, and the other matters scheduled by counsel.

4.     Since counsel for the Defendant are located in Fort Lauderdale, Florida, and counsel for Plaintiff are located in Orlando, Florida, counsel has had difficulty in setting up the time for an in-person Case Management Conference.

1

5. Counsel for Plaintiff had hoped to hold the in-person Case Management Conference in Fort Lauderdale when she had depositions scheduled in South Florida over the last few weeks but the depositions took longer than planned. Moreover, counsel for Defendant has been unable to fit in an in-person conference when in Orlando on other matters.

6. Counsel for both parties have litigated against each other before and have developed a good working relationship; they believe that they are able to comply with all of the requirements of a Case Management Conference in a telephone conference.

7. The parties have met telephonically on September 22, and 23, 1999, and discussed the Case Management report, exchanged proposed deadlines, names of mediators, discovery needs, exchange of pre-discovery information, and the handling of confidential information.

8. As a result of the telephonic meetings, the parties have developed the attached draft Case management report which complies with all of the requirements of Local Rule 3.05.[*]

9. Counsel for the parties respectfully request that the Court excuse their inability to meet personally on this Case Management report prior to its submission and commit to having a face-to-face meeting to discuss discovery and the progress of this case as soon as possible.

**WHEREFORE**, the parties respectfully request that this Court allow them tho hold their Case Management Conference telephonically and to allow them to file their Case Management Report.

                                        Respectfully submitted,

                                        By: _Martha A. C_____
                                        Martha A. Chapman
                                        (Florida Bar No. 4464)
                                        Martha A. Chapman, P.A.
                                        823 Irma Avenue
                                        Orlando, Florida 32803
                                        Phone:    (407) 426-7188
                                        Facsimile:  (407) 426-9077
                                        Attorney for Plaintiff

[*] Upon leave of court to do so, The parties shall file a fully executed Case Management Report.

By: *Suzanne K Bogdan*
James C. Polkinghorn
(Fla. Bar No. 0376892)
Suzanne K. Bogdan
(Fla. Bar No. 0893560)
FISHER & PHILLIPS LLP
2300 One Financial Plaza
Fort Lauderdale, Florida 33394
Telephone: (954) 525-4800
Facsimile:   (954) 525-8739
Attorneys for Defendants

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 99-835-CIV-22-A

AUGUSTO L. PEON-RIOS,

        Plaintiff,

v.

AUTONATION USA, CORPORATION
d/b/a Value Stop, and AUTONATION, INC.,
formerly known as Republic Industries, Inc.,

        Defendants.
_____/

DRAFT

## CASE MANAGEMENT REPORT

1. <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) and (c)(3)(A), a meeting was held by telephone on _____ at _____. and was attended by: <u>Martha A. Chapman, counsel for the plaintiff, and Suzanne Bogdan, counsel for the defendant</u>.

2. <u>Pre Discovery Initial Disclosures of Core Information</u>:

    a. Fed. R. Civ. P. 26(a)(1)(C)&(D) Disclosures *(Local Rule 3.05((d) provides that these disclosures are mandatory in Track Two Cases and optional in other cases unless otherwise ordered by the Court. Complete the following in all Track Two cases and, when applicable, in Track Three Cases)*:

        The parties:
        ____ have exchanged (check one)
        __X__ agree to exchange
        information described in Fed. R. Civ. P. 26(a)(1)(C) & (D)
        ____ on (check one)
        __X__ by
        **October 30, 1999** (date). Below is a detailed description of information disclosed or scheduled for disclosure.

        *Disclosure description continued:*

1

**The parties agree to exchange all mandatory disclosures by October 30, 1999. and to supplement such disclosures as appropriate throughout the course of discovery.**

b. Fed.R.Civ.P. 26(a)(1)(A)&(B) Disclosures (Local Rule 3.05A(d)) provides that these disclosures are not mandatory except as stipulated by the parties or otherwise ordered by the Court. Complete the following when applicable):

The parties
  __N/A__ have exchanged (check one)
  __N/A__ agree to exchange
information referenced by Fed.R.Civ.P. 26(a)(1)(A)&(B)
  __N/A__ on (check one)
  __N/A__ by
  ____N/A____ (date). Below is a detailed description of information disclosed or scheduled for disclosure.

3.  Discovery Plan - Plaintiff: The parties jointly propose the following Plaintiff's discovery plan:

a. Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

**The plaintiff may serve requests for admission regarding any discoverable matter or for authentication of document purposes. Service of admissions shall be made such that the responses are due on or before the close of discovery.**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

2

(2) <u>Written Interrogatories</u>:

**The plaintiff may serve written interrogatories regarding any discoverable matter. Service of interrogatories shall be made such that the responses are due on or before the close of discovery.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

(3) <u>Requests for Production or Inspection</u>:

**The plaintiff may serve requests for production regarding any discoverable matter. Service of requests for production shall be made such that the responses are due on or before the close of discovery.**

(4) <u>Oral Depositions</u>:

**Oral depositions, except for expert witness depositions, will be completed on or before the close of discovery. Expert witness depositions will be completed thirty (30) days prior to trial.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

Time Permitted for Each Deposition: (optional) Parties request that, in accordance with Fed. R. Civ. P. 26(b)(2), the Court limit the time permitted for the conduct of each deposition to __N/A__ hours, unless extended by agreement of the parties.

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Plaintiff's disclosure of expert testimony shall be made on or before April 9, 2000.**

3

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

> **Plaintiff shall supplement discovery responses promptly upon learning that information previously provided is incomplete or incorrect or is otherwise no longer accurate. Plaintiff shall supplement discovery responses no later than May 15, 2000, or, if additional information becomes available subsequent to May 15, 2000, Plaintiff shall supplement appropriate discovery responses as soon as practicable.**

d. Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before **June 9, 2000.**

4. Discovery Plan - Defendant: The parties jointly propose the following Defendant's discovery plan:

    a.    Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

**The defendant may serve requests for admissions regarding any discoverable matter or regarding authentication of documents. Service of admissions shall be made such that the responses are due on or before the close of discovery.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(bi(2). Any such request must be presented by motion. See paragraph 6 below.

(2) Written Interrogatories:

**The defendant may serve written interrogatories regarding any discoverable matter. Service of interrogatories shall be made such that the responses are due on or before the close of discovery.**

4

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

(3) Requests for Production or Inspection:

**The defendant may serve written interrogatories regarding any discoverable matter. Service of requests for production shall be made such that the responses are due on or before the close of discovery.**

(4) Oral Depositions:

**Oral depositions, except for expert witness depositions, will be completed on or before the close of discovery. Expert witness depositions will be completed thirty (30) days prior to trial.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

Time Permitted for Each Deposition: (optional) Parties request that, in accordance with Fed. R. Civ. P. 26(b)(2), the Court limit the time permitted for the conduct of each deposition to __N/A__ hours, unless extended by agreement of the parties.

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**The defendant's disclosure of expert testimony shall be made on or before May 9, 2000.**

5

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Defendant shall supplement discovery responses promptly upon learning that information previously provided is incomplete or incorrect or is otherwise no longer accurate. Defendant shall supplement discovery responses no later than May 15, 2000, or, if additional information becomes available subsequent to May 15, 2000, Defendant shall supplement appropriate discovery responses as soon as practicable.**

d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before **June 9, 2000**.

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties shall stipulate to the entry of a protective order, protecting from disclosure confidential and/or proprietary information, including any personnel files, medical records, salary information, and other similar information regarding Defendant's former employees which may be discoverable and the medical and/or psychological records of Plaintiff.**

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report. Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be as follows:

Deadline for motions for leave to file third party claims and motions to join parties: **January 15, 2000.**
Deadline for motions for summary judgment and other potentially dispositive motions: **August 15, 2000.**
Deadline for motions in limine: **Five days before trial.**

8. <u>Settlement and Alternative Dispute Resolution</u>: Parties agree that settlement is
       __X__ likely   (check one)
       _____ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rule 8.02(a)(3) and 8.05(b).
___ yes __X__ no ____likely to agree in future


Parties agree to participate in court annexed mediation as detailed in Chapter Nine of the Court's Local Rules. ___yes ___ no __x__ likely to agree in future
If yes, the order of referral described in Local Rule 9.04 should be entered by the court designating <u>Jody Litchford</u> (name) to serve as mediator.
Mediation will be completed on or before <u>September 15, 2000</u> (date).


Parties agree to consent to trial presided over by the United States Magistrate Judge.
____yes __X__ no ____likely to agree in future


Parties intend to pursue the following other methods of alternative dispute resolution:

**None.**


In accordance with Local Rule 3.05(c)(2)(C)(v), parties agree that if they do not report to the Court that the case has settled on or before __**July 15, 2000**__, parties will apply for an order invoking Court annexed arbitration (Chapter Eight of Local Rules)
or Court annexed mediation (Chapter Nine of Local Rules) on that date.


9. <u>Preliminary Pretrial Conference</u>:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
    _____ request   (check one)
  __X__ do not request
a preliminary pretrial conference before entry of a Case Management
and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

**None at this time**

7

10. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after **October 2, 2000** and for trial on or after **November 1, 2000**. This trial is expected to take approximately **4-6** days.

11. <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

12. <u>Other Matters</u>:

**None at this time.**

Respectfully submitted,

By:_____
Martha A. Chapman
(Florida Bar No. 4464)
Martha A. Chapman, P.A.
823 Irma Avenue
Orlando, Florida 32803
Phone:       (407) 426-7188
Facsimile:   (407) 426-9077
Attorney for Plaintiff


By: *[signature: Suzanne Bogdan]*
James C. Polkinghorn
(Fla. Bar No. 0376892)
Suzanne K. Bogdan
(Fla. Bar No. 0893560)
FISHER & PHILLIPS LLP
2300 One Financial Plaza
Fort Lauderdale, Florida 33394
Telephone: (954) 525-4800
Facsimile:   (954) 525-8739
Attorneys for Defendants

8